IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

CEDERICK ELLIS, PH.D.                                    PLAINTIFF

V.                          CIVIL ACTION NO. 5:23-cv-96-DCB-ASH

BOARD OF TRUSTEES, et al.                               DEFENDANTS

<u>MEMORANDUM OPINION AND ORDER</u>

BEFORE THE COURT is Evelle Thomas-Dillon, Lynn D. Martin, and Alvin Burks (collectively, "Defendants")'s Motion for Qualified Immunity and to Dismiss Official Capacity Claims ("Motion") [ECF No. 20] filed on April 26, 2024. Cederick Ellis, PH.D filed a Response in Opposition to the Motion [ECF No. 24] on May 17, 2024, and Defendants filed a Rebuttal in Support of the Motion [ECF No. 27] on June 7, 2024. The Court, having examined the submissions of the parties, the record, the applicable legal authority, and being fully informed in the premises, finds that the Motion [ECF No. 20] shall be granted.

I. <u>Factual and Procedural Background</u>

This matter is, <u>inter alia</u>, a § 1983 procedural due process case stemming from McComb School District's (the "District") decision to terminate Ellis as its Superintendent of Schools on November 7, 2023. [ECF No. 5]. Ellis was employed pursuant to a Contract of Employment which provided that the Board of Trustees

(the "Board") could remove Ellis "based upon a finding of gross negligence, malfeasance in office, commission of a crime involving moral turpitude or other good cause as provided for under the provisions of Section 37-9-59 of the Mississippi Code of 1972." [ECF No. 5-1] at 3; [ECF No. 20-1] at 3.

Following a unanimous vote to preliminarily terminate Ellis at a special school board meeting held on October 10, 2023, a Notice of Termination of Contract dated October 11, 2023 was delivered to Ellis via e-mail and certified mail. [ECF No. 5-4]; [ECF No. 20-2]. The October 11 letter included the reasons for Ellis's termination and advised him of his right to request a hearing and his right to legal representation at the hearing. [ECF No. 5-4]; [ECF No. 20-2]. The October 11 letter specifically advised Ellis that the District preliminarily terminated the Contract of Employment "for gross negligence, neglect of duty, malfeasance in office, and other good cause under Mississippi law." [ECF No. 5-4]; [ECF No. 20-2]. The October 11 letter further informed Ellis of the following procedures to request a hearing:

> Under Mississippi law, [Ellis], as Superintendent [is] not entitled to a public hearing on the charges against [Ellis]; however, under [his] Contract of employment [Ellis is] provided this right. [Ellis] may request a hearing by delivering a written request for hearing to

[Evelle Thomas-Dillon] in care of KaShonda Day, School
Board Attorney, . . . within five calendar days from the
date of this letter. [Ellis's] failure to request a
hearing within five calendar days of the date of this
notice of termination will constitute a waiver of all of
[Ellis's] rights regarding this termination. If [Ellis]
request[s] a hearing, a date for [his] hearing will be
set no later than thirty days from the date of [Ellis's]
request.

[ECF No. 5-4]; [ECF No. 20-2].

Ellis timely requested a hearing on October 11, 2023. [ECF
No. 5-7]. The hearing was initially scheduled for October 31, 2023,
but counsel for Ellis requested via letter dated October 24, 2023,
that the hearing be rescheduled because of a scheduling conflict.
[ECF No. 5-8]. The Board delivered a Notice of Hearing on November
2, 2023, indicating that the hearing was set for November 7, 2023,
at 1:00 p.m. [ECF No. 5-10]; [ECF No. 20-3]. Ellis responded that
same day and asked the Board to appoint "a qualified and impartial
person to serve as [the] hearing officer" and dismiss Board
attorney, KaShonda Day, and her law firm, Adams and Reese, because
Day would be a necessary witness. [ECF No. 5-11]. Ellis also sought
the issuance of subpoenas for the hearing pursuant to Section 37-
9-111(8) of the Mississippi Code. [ECF No. 5-12]. The District

3

rejected both requests, asserting that "Miss. Code Ann. Section 37-9-111 is not applicable to a superintendent whose employment has been terminated by the school board under Section 37-9-59 and the Board is not obligated to conduct [Ellis's] hearing pursuant to this statute." [ECF No. 20-5]. Ellis objected in an afternoon email dated November 6, 2023, in which Ellis informed the Board that he filed a declaratory judgment action in this Court that same day. [ECF No. 20-5].

On November 6, 2023, Ellis filed a Petition for Declaratory Judgment and Injunctive Relief, asking this Court to declare his rights to a fair and impartial hearing under procedural due process guarantees and terminate the hearing. [ECF No. 1]. Ellis notified the Board's attorney of the petition and sought a re-scheduled hearing, but the Board did not reschedule. [ECF No. 24] at 2.[1]

Ellis attended the scheduled hearing with counsel present on November 7, 2023, and raised several objections.[2] [ECF No. 21] at

---

[1] Ellis also filed an Ex Parte Motion for Temporary Restraining Order seeking an order prohibiting Defendants from holding "any type of meeting or alleged hearing until the Court issues a ruling" on the relief Ellis seeks under his procedural due process rights. [ECF No. 3]. The hearing was held before the Court could enter a ruling on the ex parte motion, and Ellis filed a Notice of Withdrawal of Ex Parte Application for Temporary Restraining Order on December 8, 2023. [ECF No. 12]. The Court subsequently entered an Order denying the ex parte motion as moot because the issues raised in the ex parte motion were "either moot or brought forth by (Ellis's) amended petition." [ECF No. 13].
[2] These objections included the following: the type of hearing held, the Board's refusal to provide a hearing pursuant to Section 37-9-111, the proceeding inconsistent with the type agreed to pursuant to the Contract for Employment, and the District and Board's breach of contract for failure to provide adequate due process pursuant to Section 37-9-59. [ECF No. 5] at 6.

4

4; [ECF No. 24] at 6. Shortly after the hearing ended, counsel for the Board offered Ellis another opportunity for a hearing, including several accommodations initially sought by Ellis. [ECF No. 20-6] at 1-2.[3] The letter also informed Ellis that if he did not respond by November 8, 2023, at 10:00 a.m., Ellis's termination would be final and effective on November 7, 2023. [ECF No. 20-6] at 2. Ellis did not respond, and the Board entered a Final Board Order terminating Ellis's employment. [ECF No. 20-8]; [ECF No. 20-9].

On November 8, 2023, Ellis filed an Amended Petition and Complaint for Damages, alleging the following claims for damages: (1) conspiracy to violate his civil rights under 42 U.S.C. §§ 1983 and 1988; (2) Monell liability under § 1983; (3) breach of contract under State law; and (4) punitive damages. [ECF No. 5] at 14-17. Ellis also sues Defendants in their individual capacities under 18 U.S.C. § 1983. [ECF No. 5]. Defendants filed their answer on November 27, 2023, denying the claims for damages. [ECF No. 10].

On April 26, 2024, Defendants filed this Motion challenging Ellis's claims against them based on qualified immunity. [ECF No.

---

[3] These accommodations included the following: (1) a certified court reporter; (2) a closed hearing; (3) issuance of subpoenas; (4) termination of pay; (5) admission of due process and dismissal of pending lawsuit; (6) hearing officer provided by the District at the District's expense; (7) allow each party to present and cross-examine witnesses, including no more than seven hours of witness testimony; (8) Board members and District attorneys shall not be called as witnesses; (9) hearing held no later than ten days following the date of the Second Hearing letter; and (10) delivery of documents Ellis intends to use at hearing. [ECF No. 20-6] at 1-2.

21]. Defendants first propose that Ellis fails to show a constitutional violation to overcome qualified immunity. [ECF No. 21] at 5. Defendants next allege that monetary damages against them in their official capacities are duplicative and should be dismissed. [ECF No. 21] at 11.

Ellis filed a Response in Opposition on May 17, 2024, arguing that the Board violated his procedural due process rights under the Fourteenth Amendment because he was not afforded a constitutionally adequate pre-termination hearing. [ECF No. 24] at 6. Ellis further attacks the qualified immunity defense by arguing that Defendants "acted with ill intent" in their termination of Ellis. [ECF No. 24] at 10. Defendants maintain in their Rebuttal that their conduct does not violate state or federal law because they provided two opportunities for a pre-termination hearing, to which Ellis refused. [ECF No. 27] at 3.

## II. Legal Standard and Qualified Immunity Considerations

Rule 12(c) of the Federal Rules of Civil Procedure governs a motion for judgment on the pleadings.[4] The standard for addressing

---

[4] Motions for qualified immunity generally fall into one of two categories: Rule 12(b)(6) motions challenging the sufficiency of the plaintiff's allegations to establish the deprivation of a clearly established constitutional right, or Rule 56 motions arguing that the defendant's conduct was objectively reasonable in light of all circumstances. See Pardue v. Jackson Co., Miss., 2015 WL 1867145 (S.D. Miss. 2015); Salcido v. Univ. of S. Miss., 2013 WL 2367877, *1 n.1 (S.D. Miss. 2013); Watkins v. Hawley, 2013 WL 3357703 (S.D. Miss. 2013) ("Typically, the former can be addressed without discovery, while the latter cannot."). Defendants do not identify which procedural framework should be used to evaluate their motion. But given the

a Rule 12(c) motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6). In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. See, e.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Great Lakes Dredge, 624 F.3d at 210.

In this case, Defendants raised qualified immunity as a defense in their respective Answers, [ECF No. 10] at 10, and in the Motion [ECF No. 20]. The Fifth Circuit has instructed district

---

nature of the parties' arguments and the procedural posture of the case, it appears that consideration pursuant to Rule 12 is appropriate. See Tate v. Sharp, 2013 WL 664865 (N.D. Miss. 2013) (a motion for qualified immunity filed early in the litigation, but after defendants filed their answer, would ordinarily be treated as a Rule 12(c) motion for judgment on the pleadings).

courts that where "public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion." Carswell v. Camp, 54 F.4th 307, 311 (5th Cir. 2022). Qualified immunity is more than a mere defense to liability; it is an immunity from suit. See Pearson v. Callahan, 555 U.S. 223 (2009). Because "qualified immunity is immunity from having to stand trial," Brown v. Glossip, 878 F.2d 871, 874 (5th Cir. 1989), it should be addressed "'at the earliest possible stage of the litigation.'" Carswell, 54 F.4th at 310 (quoting Ramirez v. Guadarrama, 3 F.4th 129, 133 (5th Cir. 2021)).

In Anderson v. Valdez, the Fifth Circuit clarified the following pleading standard:

> ... [W]hen, as here, a qualified immunity defense is asserted in an answer or motion to dismiss, "the district court must"—as always—do no more than determine whether the plaintiff has "file[d] a short and plain statement of his complaint, a statement that rests on more than conclusions alone." In so doing, we expressly required the district court to apply "Rule 8(a)(2)'s 'short and plain' standard" to the complaint.

845 F.3d 580, 589–90 (5th Cir. 2016) (footnotes omitted); see also Arnold v. Williams, 979 F.3d 262, 267 (5th Cir. 2020) ("Section 1983 claims implicating qualified immunity are subject to the same

8

Rule 8 pleading standard set forth in <u>Twombly</u> and <u>Iqbal</u> as all other claims; an assertion of qualified immunity in a defendant's answer or motion to dismiss does not subject the complaint to a heightened pleading standard."); <u>McLean v. Davis</u>, 2023 WL 1868192, at *2 (N.D. Miss. Feb. 9, 2023); <u>Flynt v. Jasper Cnty., Mississippi</u>, 2022 WL 4809405, at *2 (S.D. Miss. 2022); <u>Williams v. City of Jackson</u>, 2021 WL 4485865, at *3 (S.D. Miss. 2021); <u>Hollins</u>, 2019 WL 3307056, at *2.

## III. Analysis

### A. Qualified Immunity

Public officials are generally shielded from suit when performing discretionary functions unless it is shown by specific allegations that they violated "clearly established statutory or constitutional rights of which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Qualified immunity is intended to protect public officials from the "burdens of fighting lawsuits which arise from the good-faith performance of their duties." <u>Wren v. Towe</u>, 130 F.3d 1154, 1159 (5th Cir. 1997). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." <u>Valdez</u>, 845 F.3d 580, 599-60 (5th Cir. 2016).

"When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the

defense." <u>McClendon v. City of Columbia</u>, 305 F.3d 314, 323 (5th Cir. 2002) (en banc). There is a two-prong inquiry to determine whether state actors are entitled to qualified immunity. <u>Id.</u> at 322. The first inquiry is "whether a constitutional right would have been violated on the facts alleged." <u>Id.</u> The second inquiry is whether the constitutional right was clearly established at the time of the actions complained of. <u>Id.</u> "Ultimately, a state actor is entitled to qualified immunity if his or her conduct was objectively reasonable in light of the legal rules that were clearly established at the time of his or her actions." <u>Id.</u>

The main issue litigated in the instant Motion is whether Ellis was afforded adequate due process prior to his termination as superintendent of the School District under 42 U.S.C. §§ 1983 and 1988. To state such a claim, "a plaintiff must first identify a protected life, liberty or property interest and then prove that governmental action resulted in a deprivation of that interest." <u>Greene v. Greenwood Pub. Sch. Dist.</u>, 890 F.3d 240, 242 (5th Cir. 2018) (quotation omitted). Although Ellis has identified a protected property interest, i.e., his job, the most relevant issue in this Motion is whether the protections afforded to Ellis comport with the requirements of federal law.

"An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and

10

opportunity for hearing appropriate to the nature of the case.'" Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 313 (1950)). "In the context of public employment, '[t]his principle requires 'some kind of a hearing' prior to the discharge of an employee who has a constitutionally protected property interest in his employment.'" Greene, 890 F.3d at 242 (citing Loudermill, 470 U.S. at 542).

Defendants argue that Ellis received adequate due process. These Defendants show that Ellis received notice of the reasons for his termination and advised him of his right to a hearing pursuant to his Contract of Employment. [ECF No. 27] at 4. Defendants also submit that Ellis requested the hearing and appeared at the scheduled hearing on November 7, 2023. [ECF No. 21] at 2. Finally, said Defendants propose that they offered Ellis two opportunities for a pre-termination due process hearing in a good-faith attempt to comply with Ellis's requests. [ECF No. 27] at 3.

Ellis disagrees, arguing that the need for a pre-termination hearing is an "essential principle" to the Due Process Clause, Loudermill, 470 U.S. 532, and that Defendants attempt to hide behind due process protections afforded under state law. [ECF No. 24] at 9. Ellis alleges that Defendants knew he was entitled to

these protections but infringed Ellis's rights to a fair and impartial hearing by (1) permitting the presence of interested parties at the hearing; (2) failing to provide a stenographer; and (3) refusing to subpoena witnesses. [ECF No. 24] at 11.

Ellis relies heavily upon Greene, where a former school district superintendent brought a Section 1983 action against individuals on the school district's board of trustees, alleging a Fourteenth Amendment violation because the school district terminated his employment without a hearing or opportunity to present a defense. 890 F.3d at 242. In Greene, the Fifth Circuit found a pre-deprivation due process violation when a school district did not provide its employee with "an opportunity to address the Board." Id. Relevant here, Ellis cites the Fifth Circuit's finding that "[t]he Fourteenth Amendment required Defendants to afford [Ellis] a pre-termination hearing; [Miss. Code Ann. § 37-9-59, which prohibits] such a hearing[,] would not diminish [Ellis's] rights under federal law." Greene, 890 F.3d at 244 (citing Loudermill, 470 U.S. at 541).

Defendants allege that the instant matter is distinguishable because, while the superintendent in Greene was offered no pre-termination process, they offered Ellis two opportunities prior to final termination but Ellis rejected the offers. [ECF No. 21] at 10; [ECF No. 27] at 4. In fact, Defendants assert that Ellis

"wholly refused the due process extended to him," and propose that Ellis cannot complain of the due process extended to him after he refused to participate in the proceeding. [ECF No. 21] at 9 (citing Galloway v. State of Louisiana, 817 F.2d at 1158).

Ellis does not allege that these Defendants did not provide notice as well as an opportunity to respond prior to termination; instead, Ellis challenges the adequacy of due process provided to him. There is evidence in the record showing Ellis made requests pursuant to the hearing, which were denied by the Board and the District. See [ECF No. 5-1]; [ECF No. 5-12]; [ECF No. 20-5]. But Ellis so far has not shown that these denials are in violation of pre-deprivation process. Federal law in the context of public employment does not require an "elaborate" hearing. Galloway, 817 F.2d at 1158. Instead, federal law only requires "some kind of a hearing" before the employee's termination takes effect. Greene, 890 F.3d at 242. Ellis maintains that he "was not provided with a hearing of any kind prior to termination." [ECF No. 24] at 8. To the contrary, Defendants offered Ellis two opportunities to a pre-termination hearing, the latter of which included accommodations to several requests made by Ellis. [ECF No. 21] at 4.

The Court notes that Greene did find that a state law that prohibits a school district from providing a superintendent a hearing prior to his termination under Section 37-9-59 of the

Mississippi Code violates pre-deprivation due process guarantees. 890 F.3d at 244. However, the Fifth Circuit proceeded to interpret Section 37-9-59 as stating that a "school board is not obligated to provide a hearing upon the superintendent's request." 890 F.3d at 244. That is the case here, as Board attorney Day stated that "the Board is not obligated to conduct Dr. Ellis' hearing pursuant to Section 37-9-111." [ECF No. 5-6].[5]

Ellis has not shown that Defendants' conduct does not comport with requirements under federal law in order for Ellis to overcome qualified immunity. Accordingly, the Court finds that Defendants' Motion to Dismiss Individual Capacity Claims [ECF No. 20] is granted.

B. Official Capacity Claims

These Defendants also seek dismissal of Ellis's claims for monetary damages against them in their official capacity, arguing that the claims are duplicative of Ellis's claims against the Board and the District. [ECF No. 21] at 11. It is well established that suits against government officials in their official capacity

---

[5] Section 37-9-59 expressly states that, if a school employee, other than the Superintendent, is fired "[f]or incompetence, neglect of duty, immoral conduct, intemperance, brutal treatment of a pupil or other good cause," the employee may ask for a public hearing, and "[t]he procedure for such hearing shall be as prescribed for hearings before the board or hearing officer in Section 37-9-111." Miss. Code Ann. § 37-9-59. Section 37-9-111 explicitly prohibits the procedures outlined in the statute if the Superintendent's employment was "terminated by the school board under Section 37-9-59." Miss. Code Ann. § 37-9-111(9).

"generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66, (1985) (quoting Monell v. N.Y.C. Dept. of Soc. Servs., 436 U.S. 658, 690, n.55 (1978)). See also Idom v. Natchez-Adams Sch. Dist., 115 F. Supp. 3d 792, 798 (S.D. Miss. 2015) (finding that a suit against a public official in his official capacity is equivalent to a suit against a governmental entity). Because Ellis's claims against Defendants in their official capacities are claims against the Board and the District, these claims are duplicative and should be dismissed as redundant. Accordingly, the Court finds that Defendants' Motion to Dismiss Official Capacity Claims [ECF No. 20] is granted.

### C. Qualified Immunity Related Discovery

Finally, Ellis asks the Court to allow qualified immunity related discovery before the Court enters its ruling upon the Defendants' Motion. Defendants oppose the request, asserting that discovery should be permitted only if the Court finds that Ellis successfully overcomes qualified immunity.

Among the benefits of qualified immunity is the protection from pretrial discovery, which is expensive, time-consuming, and intrusive. Helton v. Clements, 787 F.2d 1016, 1017 (5th Cir. 1986). A district court may defer a ruling on qualified immunity if it finds that a plaintiff has pled facts "which, if true, would

overcome the defense of qualified immunity." <u>Zapata v. Melson</u>, 750 F.3d 481, 485 (5th Cir. 2014). Afterwards, if the district court "remains unable to rule on the immunity defense without further clarification of the facts, it may issue a discovery order narrowly tailored to uncover only those facts needed to rule on the immunity claim." <u>Id.</u> But the Fifth Circuit has consistently held that it may review district court orders under its collateral order doctrine, including where the district court "declines or refuses to rule on a motion to dismiss based on a government officer's defense of qualified immunity." <u>Id.</u> at 484; <u>Backe v. LeBlanc</u>, 691 F.3d 645 (5th Cir. 2012); <u>Wicks v. Miss. State Emp't Servs.</u>, 41 F.3d 991 (5th Cir. 1995); <u>Helton v. Clements</u>, 787 F.2d 1016 (5th Cir. 1986).

As discussed in this Order, Ellis has not pled facts "which, if true, would overcome the defense of qualified immunity" against the Defendants. Therefore, the Court finds that Ellis' request for qualified immunity related discovery is denied.

<u>IV. Conclusion</u>

Accordingly,

IT IS HEREBY ORDERED that Defendants' Motion for Qualified Immunity and to Dismiss Official Capacity Claims [ECF No. 20] is GRANTED.

IT IS FURTHER ORDERED that Evelle Thomas-Dillon, Lynn D. Martin, and Alvin Burks shall be and are DISMISSED in their individual and official capacities.

SO ORDERED, this 15th day of July, 2024.

/s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE