```
         IN THE UNITED STATES DISTRICT COURT
       OF THE SOUTHERN DISTRICT OF MISSISSIPPI
                    WESTERN DIVISION
```

CEDERICK ELLIS, PH.D.                                    PLAINTIFF

VS.                            Civil Action No.: 5:23-cv-96-DCB-ASH

BOARD OF TRUSTEES, MCCOMB SCHOOL DISTRICT               DEFENDANTS

<u>ORDER ON MOTION TO DISMISS</u>

This matter comes before the Court on Defendant McComb School District Board of Trustees's ("the Board") Motion to Dismiss for Failure to State a Claim or for Judgment on the Pleadings. [ECF No. 29]. Defendant moves to dismiss the case either under Federal Rule of Civil Procedure 12(c) or 12(B)(6). <u>Id.</u> at 1. Having fully considered the Motions and applicable law, the Court finds that Defendant's motion should be GRANTED as to Plaintiff's federal claims and DENIED as to Plaintiff's state law breach of contract claim.

I. Background

This suit arises out of the McComb School District's decision to terminate Dr. Cederick Ellis's ("Plaintiff") employment as its Superintendent of Schools on November 7, 2023. [ECF No. 5]. Ellis was employed pursuant to a contract which provided that the Board could remove him "based upon a finding of gross negligence, malfeasance in office, commission of a crime involving moral turpitude or other good cause as provided for

1

under the provisions of Section 37-9-59 of the Mississippi Code of 1972." [ECF No. 5-1] at 3. The contract explicitly grants Ellis the right to a pre-termination hearing, stating that "the Board may take such action [termination under 37-9-59] only after proper notice and hearing is provided the Superintendent under the provisions of Section 37-9-59 of the Mississippi Code of 1972." Id.

Following a unanimous vote to preliminarily terminate Ellis at a special school board meeting held on October 10, 2023, a Notice of Termination of Contract ("Notice") dated October 11, 2023, was delivered to Ellis via e-mail and certified mail. [ECF No. 5-4]. The Notice included the reasons for Ellis's termination and advised him of his right to request a hearing and his right to legal representation at the hearing. Id. The letter specifically advised Ellis that the District preliminarily terminated the Contract of Employment "for gross negligence, neglect of duty, malfeasance in office, and other good cause under Mississippi law." Id.

The Notice further informed Ellis of the following procedures to request a hearing:

> Under Mississippi law, [Ellis], as Superintendent [is] not entitled to a public hearing on the charges against [Ellis]; however, under [his] Contract of

2

>  employment [Ellis is] provided this right. [Ellis] may request a hearing by delivering a written request for hearing to [Evelle Thomas-Dillon] in care of KaShonda Day, School Board Attorney, . . . within five calendar days from the date of this letter. [Ellis's] failure to request a hearing within five calendar days of the date of this notice of termination will constitute a waiver of all of [Ellis's] rights regarding this termination. If [Ellis] request[s] a hearing, a date for [his] hearing will be set no later than thirty days from the date of [Ellis's] request.

Id.

Ellis timely requested a hearing on October 11, 2023. [ECF No. 5-7]. The hearing was initially scheduled for October 31, 2023, but counsel for Ellis requested via letter dated October 24, 2023, that the hearing be rescheduled because of a scheduling conflict. [ECF No. 5-8]. The Board delivered a Notice of Hearing on November 2, 2023, indicating that the hearing was set for November 7, 2023, at 1:00 p.m. [ECF No. 5-10]. Ellis responded that same day and asked the Board to appoint "a qualified and impartial person to serve as [the] hearing officer" and dismiss Board attorney, KaShonda Day, and her law firm, Adams and Reese,

because Day would be a necessary witness. [ECF No. 5-11]. Ellis also sought the issuance of subpoenas for the hearing pursuant to Section 379-111(8) of the Mississippi Code. [ECF No. 5-12]. The Board rejected both requests, asserting that "Miss. Code Ann. Section 37-9-111 is not applicable to a superintendent whose employment has been terminated by the school board under Section 37-9-59 and the Board is not obligated to conduct Dr. Ellis' hearing pursuant to this statute." [ECF No. 5-6]. On November 6, 2023, Ellis filed a declaratory judgment action in this Court requesting an order declaring his right to a public hearing under Miss. Code Ann. Section 37-9-59 consistent with the procedures outlined in Miss. Code Ann. Section 37-9-111. [ECF No. 1]. Ellis notified the Board's attorney of the petition and sought a re-scheduled hearing, but the Board did not reschedule. [ECF No. 5] ¶ 12.

Ellis attended the scheduled hearing with counsel present on November 7, 2023, and raised several objections.[1] Id. ¶ 16. Shortly after the hearing, counsel for the Board offered Ellis another opportunity for a hearing under enumerated terms which granted several of Plaintiff's requested accommodations. Id. ¶

---

[1] These objections included the following: the type of hearing held, the Board's refusal to provide a hearing pursuant to Section 37-9-111, the proceeding inconsistent with the type agreed to pursuant to the Contract for Employment, and the District and Board's breach of contract for failure to provide adequate due process pursuant to Section 37-9-59. [ECF No. 5] ¶ 15.

17; [ECF No. 29-6].[2] The letter also informed Ellis that if he did not respond by November 8, 2023, at 10:00 a.m., his termination would be final and effective. [ECF No. 5] ¶ 17. Ellis did not respond, and the Board entered a Final Board Order terminating his employment. Id. ¶ 18.

On November 8, 2023, Ellis filed an Amended Petition and Complaint for Damages, alleging the following: (1) conspiracy to violate his civil rights under 42 U.S.C. §§ 1983 and 1988; (2) Monell liability under § 1983; (3) breach of contract under Mississippi law; and (4) punitive damages. Id. ¶¶ 52-68. Defendants filed their answer on November 27, 2023, denying the claims for damages. [ECF No. 10]. On August 2nd, 2024, Defendants filed this Motion to Dismiss. Defendants ask that the Court dismiss Plaintiff's case under either Federal Rule of Civil Procedure 12(c) or 12(b)(6). The standard required for dismissal of a claim under each of these two rules is laid out below.

II.  Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure governs a motion for judgment on the pleadings, while Rule 12(b)(6)

---

[2] These terms included the following: (1) a certified court reporter; (2) a closed hearing; (3) issuance of subpoenas; (4) termination of pay; (5) admission of due process and dismissal of pending lawsuit; (6) hearing officer provided by the District at the District's expense; (7) allow each party to present and cross-examine witnesses, including no more than seven hours of witness testimony; (8) Board members and District attorneys shall not be called as witnesses; (9) hearing held no later than ten days following the date of the Second Hearing letter; and (10) delivery of documents Ellis intends to use at hearing. [ECF No. 29-6].

allows Defendants to move to dismiss the case due to Plaintiff's failure to state a claim upon which relief can be granted. The standard for addressing a Rule 12(c) motion is the same as that for addressing a motion to dismiss under Rule 12(b)(6). In re Great Lakes Dredge & Co., 624 F.3d 201, 209-10 (5th Cir. 2010); Doe v. MySpace, Inc., 528 F.3d 413, 418 (5th Cir. 2008). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Great Lakes Dredge, 624 F.3d at 210 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual allegations in a complaint must be enough to raise the right to relief above the speculative level. See, e.g., Twombly, 550 U.S. at 555; Great Lakes Dredge, 624 F.3d at 210. The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Great Lakes Dredge, 624 F.3d at 210.

In motions made under Rule 12(c) or Rule 12(b)(6), "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced

6

by the complaint." Ironshore Europe DAC v. Schiff Hardin, LLP, 912 F.3d 759, 763 (5th Cir. 2019). The Court may also consider matters of public record, Davis v. Bayless, 70 F.3d 367, n. 3 (5th Cir. 1995), and any other matters of which it may take judicial notice. Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011). "If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). However, the "district court has complete discretion to either accept or exclude the evidence." Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC, 255 F. App'x 775, 783 (5th Cir. 2008).

   III. Analysis

       A. Plaintiff's 42 U.S.C. §§ 1983 and 1988 Conspiracy to
          Violate Civil Rights Claim

   Plaintiff alleges that the Board of the McComb School District acted "to violate Dr. Ellis' civil rights afforded under the United States Constitution." [ECF No. 5]. Specifically, he alleges that the defendants proceeded to "terminate Plaintiff and deprive him of his right to constitutionally adequate pretermination procedures." Id. ¶ 55.

7

Ellis explains that the Fourteenth Amendment affords him a right to procedural due process, and that "in the context of public employment, this principle requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985). Defendants do not dispute that Ellis's employment contract created a property interest in his continued employment as superintendent. [ECF No. 30] at 9.

Under Section 1983,

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law."

42 U.S.C. § 1983.

To survive this motion to dismiss, Plaintiff must plausibly plead that the Board conspired to deprive him of his property interest in his position as school superintendent in violation of his procedural due process rights under the Fourteenth Amendment.

Defendants do not dispute that Ellis was entitled to a pretermination hearing under both the Fourteenth Amendment and his employment contract. [ECF No. 30] at 11. Defendants argue that Ellis has not presented factual evidence that he was denied a hearing as required by either the Fourteenth Amendment or his contract. Under the Due Process Clause of the Fourteenth Amendment, a state cannot "deprive any person of life, liberty, or property without due process of law." U.S. Const. Amend. XIV. "Property interests 'are not created by the Constitution' but 'are created and their dimensions are defined' by an independent source such as contract or state law." Maurer v. Indep. Town, 870 F.3d 380, 385 (5th Cir. 2017) (quoting Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985)). Defendants do not dispute that Plaintiff had a property interest in his continued employment as superintendent by virtue of his Contract of Employment. [ECF No. 30] at 9.

As a public employee, Defendant was entitled to "some kind of a hearing" before being terminated. Loudermill, 470 U.S. at 542. In Loudermill, the Supreme Court found that the Fourteenth Amendment requires at least pretermination notice and opportunity to respond, and that the Plaintiff's case could proceed because he alleged a lack of pre-termination opportunity to respond. Id. at 548. Here, Ellis does not allege a lack of

9

pretermination notice and opportunity to respond; rather, he argues that the hearing granted to him was insufficient.

The Supreme Court has stated that a tenured public employee is "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story . . . to require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Id. Ellis attaches to his complaint documentation of the pretermination notice and opportunity to respond afforded him by the Board. [ECF No. 1-2]. The Board granted Ellis four hours to present a defense before the Board made its final decision on his termination and offered him a second hearing granting several of Ellis's amendments to the hearing format to accommodate his due process concerns. Id. at 4. Although Ellis chose not to attend the hearing, a public employee is not required to take the opportunity to respond for the constitutional requirement to be met. Galloway v. State of La., 817 F.2d 1154, 1158 (5th Cir. 1987); Greene v. Greenwood Pub. Sch. Dist., 890 F.3d 240, 243 (5th Cir. 2018).

In Galloway, the Fifth Circuit found that a former correctional officer's procedural due process right had not been violated by his failure to respond to the charges against him

10

before his termination. Galloway, 817 F.2d at 1158. Galloway did not "claim that appellees failed to provide notice and an opportunity to respond prior to his termination . . . only that he was in the hospital at the time and could not respond to the charges." Id. Because the record "unequivocally demonstrate[d]" that Galloway was responsible for the lack of the pretermination hearing, the court found that he had been afforded sufficient pretermination notice and opportunity to respond; therefore, there had been no violation of his constitutional rights. Id.

In Greene, the Fifth Circuit found that a superintendent's procedural due process rights had been violated when he was "neither informed of the basis for his termination nor given an opportunity to address the Board" before his termination. Greene, 890 F.3d at 242. The court held that "[e]ven if Mississippi law did prohibit Defendants from giving Greene a pre-termination hearing . . . [t]he Fourteenth Amendment required Defendants to afford Greene a pre-termination hearing; a state law prohibiting such a hearing would not diminish Greene's rights under federal law." Id. at 244.

In the case at hand, Ellis was afforded pre-termination notice and several opportunities to respond to the charges against him of which he chose not to avail himself. The Board offered him the opportunity to present witnesses and cross-

11

examine any witnesses the school district might present; to hire a certified court reporter; and to have a hearing officer at the expense of the district, among other concessions. [ECF No. 29-6]. The Board did not grant his request for a public hearing because "the subject matter of the hearing is intertwined with matters affecting other employees and students." Id.

Mississippi law states that even if a school district employee is entitled to a public hearing, the board or hearing officer "may order any part of the hearing to be held in executive session if, in the opinion of the board or the hearing officer, the testimony to be elicited deals with matters involving the reputation or character of another person." Miss. Code Ann. § 37-9-111. Even if Mississippi law granted Ellis the right to request a public hearing, the Board exercised the discretion granted it by law in deciding to hold Ellis's hearing in a closed executive session. The Fifth Circuit has recognized that "an individual cannot claim to have been unconstitutionally denied pre-deprivation process if he purposely chose not to utilize constitutionally adequate pre-deprivation procedures that were readily available to him." Greene, 890 F.3d at 243 (citing Galloway v. Louisiana, 817 F.2d 1154, 1158 (5th Cir. 1987); Gurski v. De Leon, 142 F.3d 1279, 1998 WL 224587, at *2 (5th Cir. 1998) (unpublished opinion); see also Rathjen v. Litchfield, 878 F.2d 836, 840 (5th Cir. 1989)).

12

Nevertheless, Ellis alleges that his procedural due process right was violated due to the Board's failure to provide him with a "meaningful" opportunity to respond, as constitutionally required. [ECF No. 36] at 5 (citing Mathews v. Eldridge, 424 U.S. 319 (1976), and Goldberg v. Kelly, 397 U.S. 254 (1970)). Ellis categorizes the hearing offered to him as "procedurally flawed," and therefore insufficient to satisfy the constitutional procedural due process requirements. Id. Specifically, Ellis alleges that these procedural flaws were the lack of a public hearing, neutral hearing officer, and adequate record. Id.

In this case, none of the procedural flaws which Ellis alleges are required under federal or state law. Mississippi law specifically states that the section granting the type of hearing to which Ellis alleges he is entitled does not apply to superintendents. Miss. Code Ann. Section 37-9-111. As discussed above, the Fourteenth Amendment does not require an "elaborate" hearing, but rather only that "some kind of hearing" be held prior to the termination of a public employee before he is deprived of a property right. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 545 (1985). To determine what process is due, Loudermill applied a three-part balancing test enunciated by the Supreme Court in Mathews v. Eldridge. The balancing factors include "the private interests in retaining

13

employment, the governmental interest in the expeditious removal of unsatisfactory employees and the avoidance of administrative burdens, and the risk of an erroneous termination." Id. at 543.

In Loudermill, the Supreme Court emphasized the severity of depriving a tenured public employee of his livelihood, holding that he was entitled "to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546. In Ellis's case, as a public employee who was deprived of his livelihood as superintendent, the Court applies the Loudermill standard. Ellis was afforded written notice of the charges against him, was presented with an explanation of the Board's evidence, and he was granted a hearing at which he could present his position. Plaintiff was not guaranteed a public trial under state law, nor was there any failure by the Board to employ the procedures required for due process. Therefore, Ellis has failed to present a prima facie case of Fourteenth Amendment due process violation.

Furthermore, Ellis asserts that he is entitled to a public hearing because his contract provides so. Whether or not his contract granted him the type of pretermination hearing under described in Miss. Code Ann. Section 37-9-111 is the subject of his breach of contract claim. Plaintiff alleges that "in cases

14

where a contract expressly includes the right to a public hearing, such provisions create a legitimate expectation that is protected under the Due Process Clause." [ECF No. 36] at 12. Plaintiff alleges that his contract provides him with a public hearing, and that "by failing to provide the promised public hearing, the School Board violates not only contractual obligations but also the superintendent's due process rights under the Fourteenth Amendment." Id.

The Supreme Court has held that "to require more than [the Loudermill standard] prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." Loudermill, 470 U.S. at 542. Requiring the Board to provide extra procedural safeguards to Ellis which were required under neither state nor federal law would intrude to an unwarranted extent upon the Board's interest in expeditiously removing an unsatisfactory employee. Regardless of whether Ellis was entitled to a hearing under his contract, the Board comported with federal law when it gave Ellis "written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id. at 546.

To plead a Section 1983 conspiracy claim, a plaintiff must show (1) the existence of a conspiracy involving state action

15

and (2) a deprivation of civil rights. Shaw v. Villanueva, 918 F.3d 414, 419 (5th Cir. 2019). Here, Plaintiff has failed to plead a plausible claim of deprivation of a civil right, and therefore he cannot support his conspiracy claim. Therefore, Ellis's claim of conspiracy under Section 1983 is DISMISSED.

B. Plaintiff's 42 U.S.C. § 1983 Monell Liability Claim

A claim for Monell liability requires a plaintiff to plead (1) the existence of an official policy, custom, or practice; (2) that the policy, custom, or practice was the "moving force" behind the alleged constitutional violation; and (3) that the municipality, through its decision-makers, acted with deliberate indifference to the plaintiff's rights. See Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 397-98, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) (citing Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611.) Similarly to a Section 1983 conspiracy claim, "every Monell claim requires an underlying constitutional violation." Loftin v. City of Prentiss, Mississippi, 539 F. Supp. 3d 617, 629 (S.D. Miss. 2021), aff'd, 33 F.4th 774 (5th Cir. 2022) (citing Hicks-Fields v. Harris County, Tex., 860 F.3d 803, 808 (5th Cir. 2017)). In the instant case, this court has determined that Plaintiff has failed to make a prima facia case of a constitutional violation. Therefore, Ellis has failed to

plead a cognizable claim for Monell liability, and his claim for such is DISMISSED.

C. Request for Declaration of Rights:

Because this Court determined that Plaintiff received a constitutionally adequate notice and opportunity to be heard before his termination, it declines to declare Ellis's right to a public hearing under Miss. Code Ann. §§ 37-9-59 and 37-9-111.

D. Plaintiff's State Law Breach of Contract Claim

The only claim which remains before the Court is Plaintiff's state law claim for breach of contract. In his complaint, Plaintiff alleges that "[p]aragraph 8 of the Contract of Employment explicitly states that the Board may remove the superintendent from office 'only after proper notice and hearing is provided the Superintendent under the provisions of Section 37-9-59.'" [ECF No. 5] ¶ 5 (citing [ECF 5-1] at 3). This provision appears to be ambiguous because the phrase "proper notice and hearing under Section 37-9-59" could evidence the parties' intent to grant Ellis a hearing as provided for by Section 37-9-59, even though as a superintendent he would otherwise be statutorily barred from receiving such a hearing. However, the phrasing could also be construed to mean that he is entitled to the hearing and notice provided to a superintendent under Section 37-9-59, which would be no hearing at all.

17

Section 37-9-59 entitles licensed school district employees to a hearing "as prescribed for hearings before the board or hearing officer in Section 37-9-111." Both Sections 37-9-59 and 37-9-111 deny pretermination hearings to school superintendent. According to Plaintiff, the above contractual provision grants him the procedural safeguards described in Section 37-9-59 and Section 37-9-111, even though as a superintendent he is not entitled to them under the statute. Although somewhat ambiguous, the contractual language appears to grant Plaintiff both notice and a hearing "under the provisions of Section 37-9-59," which Plaintiff argues demonstrates the parties' intent to grant him a hearing as described in Sections 37-9-59 and 37-9-111. [ECF No. 5] ¶ 6.

Plaintiff argues that the Notice of Termination of Contract sent to him by the Board further evidences the parties' intent to entitle him to a hearing under Sections 37-9-59 and 37-9-111. [ECF No 5] ¶ 8. In the notice, the Board wrote that "under Mississippi law, you, as Superintendent are not entitled to a public hearing on the charges against you; however, under your Contract of employment you are provided this right." [ECF no. 5-4]. This language supports Plaintiff's argument that the parties intended to grant him a hearing under Sections 37-9-59 and 37-9-111, since the right to request a public hearing is granted to

18

school district employees under the statute. Miss. Code Ann. 37-9-111(2).

Here, the Plaintiff's breach of contract claim appears to be supported by the ambiguous contractual language and the language in the Notice of Termination. The Court finds that Plaintiff has plausibly pleaded a prima facie case for breach of contract and DENIES the motion to dismiss the breach of contract claim. At this time, the Court retains jurisdiction subject to a possible remand after commentary and briefing as to why this case should not be returned to state court.

IV. Conclusion

It is therefore ORDERED AND ADJUDGED that Plaintiff Ellis's federal claims are DISMISSED with prejudice, and his state court breach of contract claim remains before the Court at this time.

SO ORDERED this 5th day of February, 2025.

    /s/ David Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE